### Robert G. Shaw and Christopher Barker v. Robert Colfax, William Colfax and Alexander Richards.

ON the last day of *February* term, the defendants, *Robert Colfax* and *Alexander Richards*, entered a default against the plaintiffs for not declaring.

*Hopkins* moved to set it aside, together with the subsequent proceedings on these facts.

In *November* term last, the *capias* issued was returned " taken," as to *Robert Colfax* and *Alexander Richards*, and " not found," as to *William Colfax*, to

arrest whom, several ineffectual attempts had been made, as he resided in *New-Jersey*, and either did not come into *New-York* at all, or did it so secretly as to avoid the process sued out, but on that account, the idea of proceeding against him, was not relinquished; on the contrary, an *alias capias* had been sued out, under the belief that he had received information of the former writ, but before it was issued a rule to declare against the other two defendants had been served, upon which the present default had been entered.

He argued that at common law, the plaintiff could not proceed till all the defendants were brought in ; and though by statute,* a different practice might be pursued, still it was at the election of the plaintiff, and therefore, no advantage could be taken of the omission. For this he cited *Tidd's Practice*, 376—9.

* Act for the amendment of the laws, 1 *Rev. Laws,* 353.

*D. A. Ogden*, contra. Had the proceeding been by original, the authority relied on might have applied, but as it is by bill, the plaintiffs have placed themselves in the same situation, as if all the defendants had appeared. If necessary that all the defendants should be brought in, the plaintiffs should have obtained an order to enlarge the time for declaring. According to the practice now contended for, a defendant may be kept under bail for his life.

*Hopkins*, in reply. Whether the proceeding is by bill, or original, is immaterial. The distinction is whether the suit be in trespass or on contract. In the former they may sever, in the latter they cannot ; as

they therefore must be proceeded against jointly, they cannot separately nonpross. Suppose the only solvent defendant not to be taken, must a plaintiff go on against a person from whom nothing can be recovered? The inconvenience alone of such a principle, is a sufficient argument against it.

*Per Curiam.* The plaintiffs should have applied for further time to declare, and shown either that they were endeavouring to bring all the defendants into court, or pursuing one to outlawry. That would have been a good ground to enlarge the rule from time to time. Not having done so, and being authorised by our act to proceed against the defendants brought in, the plaintiffs were liable to be nonprossed equally as if all the defendants had been before us.